*323 HARRELL, J.,
concurring, which BATTAGLIA, J., joins.
I join reluctantly the Court’s opinion. Although I can find no fault with the opinion, I write separately to note that, on this record, although no MLRPC 8.4(c) violations were proved, I am left to wonder whether such a violation occurred. Under the circumstances, to doubt is to affirm the hearing judge. Nonetheless, I wish to highlight the basis of my mixed emotions for consideration in the prosecution of future cases.
At oral argument, we posed to Bar Counsel and Mungin’s Counsel several questions regarding the three cash withdrawals Mungin made from his trust account within a six-day span in May 2010. Although the lawyers were in agreement that those three cash withdrawals violated Maryland Rule 16-609(b), they offered very little explanation for why the withdrawals were made or the documentary vehicle(s) by which they were accomplished. Mungin’s Counsel supposed that the record might reflect that the cash withdrawals were made by Mungin in the belief that they represented earned fees. If so, the fees would have been associated necessarily with specific client matters. When pressed, however, Mungin’s Counsel could not recollect whether the record identified the particular client matters for which Mungin may have believed that he earned such fees; nor could he explain whether the timing of Mungin’s work on any client’s behalf coincided with the “taking” of such fees, in the form of cash, from trust monies. Similar questioning of Bar Counsel about the record shed no additional light on these matters.
Upon my post-argument review of the record, it turns out that the state of counsels’ recollection at argument could be explained by a dearth of evidence regarding the cash withdrawals. I located only two pieces of evidence regarding the cash withdrawals: (1) a transactional summary of Mungin’s trust account showing, among all of his other transactions, that he made cash withdrawals of $100.00, $200.00, and $200.00 on 7, 10, and 12 May 2010, respectively; and, (2) an entry in the parties’ Joint Stipulations before the hearing judge stating that “[i]n May 2010, [Mungin] made three (3) cash withdrawals *324 from his trust account totaling $500.00.” Although Mungin testified at the hearing in the Circuit Court, and in a pre-trial deposition (the transcript of which was offered into evidence at the hearing), not a snippet of his direct or cross-examination testimony in either circumstance touched on the three cash withdrawals. Furthermore, no withdrawal slip, check, or other demonstrative record of the modality by which either cash withdrawal transaction was accomplished could be found in the evidence.
In my view, the cash withdrawals are highly suggestive of intentional misappropriations of trust funds. Intentional misappropriations violate MLRPC 8.4(c). See Attorney Grievance Comm’n v. Whitehead, 405 Md. 240, 257, 950 A.2d 798, 808 (2008) (collecting cases). Such misappropriations are “ ‘act[s] infected with deceit and dishonesty and will result in disbarment in the absence of compelling extenuating circumstances justifying a lesser sanction.’ ” Attorney Grievance Comm’n v. Glenn, 341 Md. 448, 490, 671 A.2d 463, 483 (1996) (quoting Attorney Grievance Comm’n v. Ezrin, 312 Md. 603, 608-09, 541 A.2d 966, 969 (1988)). I do not contend that every Rule 16-609(b) violation constitutes an intentional misappropriation of trust monies. There must still be some evidence (direct or circumstantial) from which at least an inference may be drawn reasonably that MLRPC 8.4(c) was violated also. Had there been some evidence to show that the cash withdrawals constituted intentional misappropriations, I would have agreed with Bar Counsel that, despite Mungin’s personal problems occurring at the time of the cash withdrawals, disbarment would be the appropriate sanction. See Attorney Grievance Comm’n v. Vanderlinde, 364 Md. 376, 415, 773 A.2d 463, 486 (2001).
Bar Counsel did not argue, however, that the cash withdrawals constituted MLRPC 8.4(c) violations.[1] Rather, Bar Counsel argued that the alleged MLRPC 8.4(c) violations *325 occurred when Mungin executed settlement agreements with certain clients that contained inaccurate lien information. See Maj. op. at 310-13, 96 A.3d at 133-35. As a result, we are left to swallow the hearing judge’s Findings of Fact and Conclusions of Law that inferentially the cash withdrawals were just another result of the pervasive negligent conduct of Mungin in this case. Thus, I am constrained to concur in the Court’s opinion that Bar Counsel failed to prove the alleged MLRPC 8.4(c) violations, as the hearing judge concluded.
Judge BATTAGLIA authorizes me to state that she joins the views expressed in this concurring opinion.

. This is understandable, with the benefit of hindsight, because the record was undeveloped on the underlying circumstances of the cash withdrawals.